SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ALEX W. MILLER (*pro hac vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice*)
jared.grubow@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

*Attorneys for Defendant Anthropic PBC*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

CONCORD MUSIC GROUP, INC., ET AL.,

Plaintiffs,

v.

ANTHROPIC PBC,

Defendant.

Case Number: 5:24-cv-03811-EKL-SVK

**DEFENDANT ANTHROPIC'S ISSUE STATEMENT REGARDING BOOK SCANNING DISCOVERY**

Judge Eumi K. Lee
Magistrate Judge Susan van Keulen

| | |
|---|---|
| CONCORD MUSIC GROUP, INC., ET AL.,<br><br>Plaintiffs,<br><br>v.<br><br>ANTHROPIC PBC, DARIO AMODEI, and BENJAMIN MANN<br><br>Defendants. | Case Number: 5:26-cv-00880-EKL-SVK<br><br>**DEFENDANT ANTHROPIC'S ISSUE STATEMENT REGARDING BOOK SCANNING DISCOVERY**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |
| BMG RIGHTS MANAGEMENT (US) LLC,<br><br>Plaintiff,<br><br>v.<br><br>ANTHROPIC PBC,<br><br>Defendant. | Case Number: 5:26-cv-02334-EKL-SVK<br><br>**DEFENDANT ANTHROPIC'S ISSUE STATEMENT REGARDING BOOK SCANNING DISCOVERY**<br><br>Judge Eumi K. Lee<br>Magistrate Judge Susan van Keulen |

Pursuant to the Court's September 2, 2026 order in *Concord Music Group, Inc., et al. v. Anthropic PBC*, Case No. 5:24-cv-03811-EKL-SVK ("*Concord I*"), *Concord Music Group, Inc., et al. v. Anthropic PBC, et al.*, Case No. 5:26-cv-00880-EKL-SVK ("*Concord II*"), and *BMG Rights Management (US) LLC et al. v. Anthropic PBC*, Case No. 5:26-cv-02334-EKL-SVK ("*BMG*"), Anthropic submits this statement regarding the timing of discovery related to Publishers' book scanning allegations. Because those allegations relate entirely to Publishers' training claim (Count II), they should be addressed in Phase Two.

The Court directed that Phase One "prioritize discovery relating to 'the claims related to alleged torrenting (Counts I and III in *Concord II*) and the works-in-suit implicated by those torrenting claims,'" while deferring discovery on Count II, which overlaps with the issues that will soon be decided in *Concord I* through the pending cross motions for summary judgment. *See Concord II* Dkt. 117; Sept. 1, 2026 Tentative Ruling ("Order"). During the parties' conference in advance of this submission, Publishers conceded that their book scanning allegations relate *only* to their Count II claim for copyright infringement. Thus, for the same reasons as the rest of Count II, the Court's *Concord I* summary judgment ruling on fair use will provide important guidance on the book scanning allegations. Incorporating book scanning into Phase One would thus expand discovery into issues that are unrelated to the torrenting claims and undermine the efficiencies of the phased discovery ordered by the Court. And Publishers will not suffer any prejudice as the result of this phasing. Anthropic already produced meaningful discovery about book scanning in *Concord I* and there is no reason that any additional discovery must go forward now. The Court should reject Publishers' request to inject issues that overlap with *Concord I* into Phase One discovery for the same efficiency reasons identified in the Court's Order.

## I. Publishers' Book Scanning Allegations Relate To Their Training Claims In Count II, Which Overlap With The Soon-To-Be-Adjudicated Claims In *Concord I*

The Court held that "[p]hase two discovery on the claims overlapping with *Concord I* will be deferred until resolution of the parties' cross motions for summary judgment in *Concord I*." *See* Order. That Order excluded from Phase One discovery related to the alleged use of Publishers' works in training because that issue has been exhaustively litigated in *Concord I*. As

pleaded, Publishers' book scanning allegations are about how Anthropic allegedly acquired and copied works to train Claude. *See Concord II* SAC ¶ 97. Unlike torrenting, which Publishers assert as an entirely separate claim, their book scanning theory falls into the category of issues the Court intentionally excluded from Phase One discovery. During the parties' pre-filing conference, Publishers conceded that book scanning relates *only* to their non-torrenting training claim (Count II) that overlaps with *Concord I*. And Publishers' own complaint addresses book scanning with their other training data claims, which are about Anthropic's alleged "infringement of [Publishers'] works ***in the training and output*** of its AI models that has occurred since *Concord I*." *Concord II* SAC ¶ 10 (emphasis added); *see id.* ¶ 97 (book scanning allegations contained within Part D of the Second Amended Complaint, the section on "Anthropic's Ongoing Copying of Publishers' Works in Scraping, Copying Physical Books, and AI Training").

The Court's resolution of the *Concord I* fair use question will thus supply the same threshold guidance for book scanning that it will for the other training data claims. Publishers' contention that book scanning is somehow a "stand-alone" violation "like torrenting" is inconsistent with the facts they have alleged and how they have chosen to plead their claims.

## II. The Works-In-Suit Relevant To Book Scanning Are Different From Those Relevant To Torrenting

This Court limited the scope of Phase One discovery to the works-in-suit implicated by the torrenting claims. *See* Order. There are 714 such works-in-suit identified in Exhibit A. *See* SAC ¶ 6 (alleging that "Defendants torrented countless pirated copies of these books containing hundreds or thousands of Publishers' works, including the 714 works identified in Exhibit A"). Publishers do not claim those works-in-suit have anything to do with their book scanning allegations. SAC ¶ 10 (connecting the 20,517 works identified in Exhibit B to Publishers' Count II training data claims). As a result, incorporating book scanning discovery into Phase One would introduce a distinct factual record that implicates an additional 20,517 works in suit. The Court's Order recognizes the overlapping claim and creates a clean divide that is administrable; Phase One discovery relates to Publishers' specific torrenting claim and the specific works Anthropic

is alleged to have torrented. Publishers have offered no compelling reason to allow discovery on one *theory* of a claim that will otherwise proceed as part of Phase Two. Such an approach will lead to repetition and inefficiencies when the parties move into Phase Two discovery about the Publishers' other theories of training-use infringement under Count II.[1]

## III. Publishers Took Discovery On Book Scanning In *Concord I*, And Reopening It Would Duplicate That Effort

Publishers suggested during the hearing that there was "no discovery in *Concord I*" regarding book scanning and Project Panama. Sept. 2, 2026 Hr'g Tr. at 20:21-23. Not so. Anthropic produced an extensive index of scanned books, and its witnesses were examined about the program at length. Thomas Turvey, Anthropic's data acquisition lead, testified extensively, both individually and as Anthropic's corporate designee, about Project Panama's operation, the volume of books acquired, and how Anthropic used the resulting materials in AI training. *See* Turvey 30(b)(6) Dep. at 94:25-97:7, 101:11-108:17; Turvey 30(b)(1) Dep. at 26:23-28:18, 85:1-96:1, 145:17-155:2. Reopening book scanning in Phase One would re-tread the same documentary ground—the very duplication phasing is intended to prevent—all while the cross motions for summary judgment remain pending.

## IV. Publishers Will Not Be Prejudiced

Publishers will not be prejudiced by deferring discovery concerning book scanning to Phase Two. As the Court recognized, the parties will be busy with torrenting discovery in Phase One. Sept. 2, 2026 Hr'g Tr. at 24:11-12. And the Court has suggested a safeguard: if torrenting discovery concludes before the *Concord I* summary judgment rulings issue, Publishers can ask the Court to expand Phase One. *Id*. at 24:15-19. To the extent Publishers suggest the bounds of the phased discovery will be difficult to police, as the Court recognized, Judge van Keulen is well-positioned to resolve any disputes that may arise.

[1] The Court's Order defined the scope of discovery in *Concord II* and then held that "[t]he *BMG* and *Concord II* cases will proceed on the same schedule and coordinate as to the phase one discovery described above, consistent with Anthropic's proposal." The BMG Publishers took no position on book scanning at the hearing. The night before this submission, the BMG Publishers amended their complaint to add the words "destructive scanning" to the text of their torrenting claim. *BMG*, Dkt. 44, ¶ 114. Given the overlap in the cases, that last-minute insertion should not alter the previously ordered coordination.

Date: September 11, 2026

Respectfully submitted,

By: */s/ Sonal N. Mehta*

WILMER CUTLER PICKERING
HALE AND DORR LLP

SONAL N. MEHTA (SBN 222086)
sonal.mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Telephone: (650) 858-6000

LOUIS W. TOMPROS (*pro hac vice*)
louis.tompros@wilmerhale.com
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

ARI HOLTZBLATT (SBN 354361)
ari.holtzblatt@wilmerhale.com
ROBIN C. BURRELL (*pro hac vice*)
robin.burrell@wilmerhale.com
2100 Pennsylvania Ave, NW
Washington, DC 20037
Telephone: (202) 663-6000

ALEX W. MILLER (*pro hac vice*)
alex.miller@wilmerhale.com
JARED V. GRUBOW (*pro hac vice)*
jared.grubow@wilmerhale.com
250 Greenwich Street
New York, NY 10007
Telephone: (212) 230-8800

*Attorneys for Defendant*
ANTHROPIC PBC